**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| MVT ENTERPRISES, INC. and MVT SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COMDATA NETWORK, INC. and COMDATA, INC. d/b/a COMDATA PAYMENT INNOVATION, <br><br> Defendants. | No. 2:18-cv-00676-PJK-GJF |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

THIS MATTER comes before the court on Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue filed July 25, 2018. ECF No. 5. Upon consideration thereof, Defendants' motion is not well taken and should be denied.

Background

Plaintiffs MVT Enterprises, Inc., and MVT Services, LLC ("MVT") are freight-trucking companies with their principal place of business in New Mexico. Pls.' Compl. at 1–2 (ECF No. 2-2). Defendants Comdata Network, Inc., and Comdata, Inc. ("Comdata"), are Maryland and Delaware corporations respectively, both with a principal

place of business in Tennessee.  Id.  MVT entered into an agreement with Comdata for payment services, including payments to truck drivers.  Id. at 2–3.  MVT also utilizes another payment service, Electronic Fund Sources, LLC (EFS).  Id. at 3.  One payment method offered by Comdata, called Comchek®, was promoted as similar to a blank check, but more secure.  Id. at 3–4.  MVT contends that Comdata failed to authenticate and secure proper approval before dispersing funds to one of MVT's former employees.  Id. at 3–4.  According to the complaint, the amount of funds disbursed by Comdata and EFS to the employee totaled more than $890,000.  Id. at 4.

The agreement between MVT and Comdata included a provision outlining choice of law and forum selection.  The agreement provides, in relevant part:

> This Agreement shall be governed by the laws of the State of Tennessee without regard to the choice of law rules of such state.  Any action to enforce or interpret this Agreement may be brought in the appropriate judicial forum located in Nashville, Davidson County, Tennessee, and Customer does hereby consent to such jurisdiction and waives any objections thereto.

Defs.' Mot. to Dismiss, Ex. A at 4, ¶ 21 (ECF No. 5-1).

MVT filed suit in New Mexico state court for breach of contract on June 14, 2018.  Pls.' Compl. at 1 (ECF No. 2-2).  Comdata removed the case based on diversity jurisdiction on July 16, 2018.  Defs.' Notice of Removal (ECF No. 2-1).  Comdata then filed the instant motion to dismiss or transfer venue.

## Discussion

Comdata first argues that any dispute must be litigated in the courts of Nashville, Davidson County, Tennessee, under the agreement's choice of law and forum selection

clause. Defs.' Mot. to Dismiss at 3–4 (ECF No. 5). Comdata argues the agreement's forum selection provision is mandatory, making venue in New Mexico improper. Id. In response, MVT argues that the agreement's forum selection is merely permissive, not mandatory, and therefore venue in New Mexico is proper. Pls.' Resp. to Defs.' Mot. to Dismiss at 3–6 (ECF No. 8).

The Tenth Circuit classifies forum selection clauses as either permissive or mandatory. Permissive forum selection clauses authorize jurisdiction in a selected forum but do not prohibit litigation in another venue; mandatory forum selection clauses require litigation in a designated forum to the exclusion of all other forums. See K&V Sci. Co. v. BMW AG, 314 F.3d 494, 498 (10th Cir. 2002). The determination whether a forum selection clause is mandatory or permissive turns, like any other contract interpretation question, on the plain meaning of the contract's terms. See, e.g., West v. Shelby Cty. Healthcare Corp., 459 S.W.3d 33, 41–42 (Tenn. 2014).

Here, the plain language of the contract shows that the forum selection clause is permissive. A mandatory forum selection clause would use language of obligation — prototypically, "shall" or "must." Cf. Mandatory, Black's Law Dictionary (10th ed. 2014). The forum selection clause here, however, uses the permissive language "may": an "action to enforce or interpret this Agreement *may* be brought in . . . Tennessee." Defs.' Mot. to Dismiss, Ex. A at 4, ¶ 21 (ECF No. 5-1) (emphasis added).

Even if the forum selection clause were ambiguous (which it is not), any ambiguities are construed against the drafter. See K&V Sci. Co., 314 F.3d at 500. Here,

Comdata is the drafter, and this reinforces reading the clause as permissive.  Therefore, the forum selection clause does not render venue in New Mexico improper.

In the alternative, Comdata argues that the court should transfer venue to Tennessee under 28 U.S.C. § 1404(a) for the convenience of the parties.  Defs.' Mot. to Dismiss at 4–5 (ECF No. 5).  Comdata contends transfer is convenient because a court in Tennessee would be best equipped to rule on questions of Tennessee law, defense witnesses and evidence are located in Tennessee, and there is no reason to believe trying the case in Tennessee would be any less fair, economical, or expeditious than litigating in New Mexico.  Id. at 6.

A party moving for transfer bears the burden of demonstrating that the present forum is inconvenient.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).  When considering a transfer under § 1404(a) a district court "must evaluate both the convenience of the parties and various public-interest considerations."  Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 62 (2013).  These factors include: ease of access to evidence, the possibility and expense of attendance of witnesses, the practicality of holding a trial expeditiously and inexpensively, administrative difficulties from court congestion, the interest in having a diversity case tried in a forum that is at home with the law, and the plaintiffs' choice of forum.  See id. at 62 n.6.

Here, consideration of the factors at best renders a tie.  Evidence and witnesses are located in both New Mexico and Tennessee; both New Mexico and Tennessee are

equally equipped to hold a fair, expeditious, and inexpensive trial; neither court faces administrative difficulties substantially greater than the other; and while the interest in having a diversity case tried in a forum at home with the law weighs in favor of Tennessee, the plaintiffs' choice of forum is New Mexico. See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167–68 (10th Cir. 2010) ("Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." (quoting Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992))).

Given the absence of a binding forum selection clause and because Defendants have failed to meet their burden that convenience militates in favor of a transfer to Tennessee, venue will remain in this court.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue filed July 25, 2018 (ECF No. 5), is denied.

DATED this 17th day of September 2018, at Santa Fe, New Mexico.

                                  UNITED STATES CIRCUIT JUDGE
                                  Sitting by Designation

Counsel:

Robert M. Estrada and Steven J. Blanco, Blanco, Ordonez, Mata, & Wallace, P.C. El Paso, Texas, for Plaintiffs.

Gregory L. Biehler and Leah Shover, Lewis Brisbois Bisgaard and Smith LLP, Albuquerque, New Mexico, for Defendants.